**EXHIBIT "A"**

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND FULL AND FINAL GENERAL RELEASE

My name is Zachary Pettway a/k/a Zachary Cowan (referred to below as "Plaintiff," "I," "me" or "my"). I am a former employee of Clark Oil Company, Inc. I am represented by the law firm of Joel F. Dillard, PA. I have agreed to a settlement of any claims I might have against my former employer and the "Released Parties" as defined below (referred to below as "Clark Oil" or "Released Parties" and meant to refer to the Defendant named in the case), including those claims that were or could have been asserted in my lawsuit against Clark Oil styled *Zachary Pettway v. Clark Oil, Inc., Saundra Brown and Mike Saxer;* Civil Action No. 1:16-CV-120-HSA-JCG, on the docket of the United States District Court for the Southern District of Mississippi, Southern Division (the "Lawsuit") and the terms of the settlement are as follows.

**What the Company Will Do:**

    1. As part of this settlement, Clark Oil has agreed to pay me and my attorneys, on behalf of Clark Oil and on behalf of the "Released Parties" as defined herein, **REDACTED REDACTED** (sometimes referred to below as "this money" or "the gross sum" or "this amount" or similar terms). I agree that this amount is sufficient and satisfactory to me as a settlement, was agreed to by me, and further acknowledge that this amount is being paid to me as consideration for the promises I am making in this Settlement Agreement and Full and Final General Release (hereafter "Agreement"). The parties understand that each recipient of a payment under this Agreement will pay all taxes for which it is legally responsible, and each payor of a payment under this Agreement will pay all taxes for which it is legally responsible. I agree and understand that my attorneys and I are each responsible for reporting and paying our taxes on this amount. I am responsible for reporting the entire settlement amount to my tax preparer and to state and local taxing authorities while relying on their advice for any deductions (if any are determined to be warranted). Neither the attorneys for Clark Oil nor my Attorney is responsible for determining taxes owed or deductions, nor have they provided any tax advice, nor are they responsible for my obligations to state and local governmental authorities (nor for determining my obligations). I agree to rely on my tax preparer to determine my responsibilities. The parties agree that this amount is consideration for my promises and undertakings in this Agreement and that it represents a compromise of all claims for damages or other relief which I have made or could have made in the Lawsuit.

    a.    The subtotal sum **REDACTED** shall be paid to me, less all legally required withholdings, in settlement of my claims for any wages owed, including overtime wages. This payment will be reported to federal and state tax authorities as income to me on IRS Form W-2.

    b.    The subtotal sum **REDACTED** shall be paid to me, from which there will be no withholding for income or employment taxes, in settlement of all other claims asserted by me, including, but not limited to, claims for


Initial:

retaliation and liquidated damages. This payment will be reported to federal and state tax authorities as income to me on IRS Form 1099.

2. The subtotal sum **REDACTED** shall be paid to my attorney, Joel F. Dillard PA, per my agreement with my attorney (which is meant to include the percentage attorney fee as agreed and all reimbursement of costs and expenses incurred related to the case) from which there will be no withholding for income or employment taxes, in settlement of my claim for all attorneys' fees, costs and expenses related to the litigation. This payment will be reported to federal and state tax authorities as income to me on IRS Form 1099, and as income to Joel F. Dillard PA on IRS Form 1099.

**What I Will Do:**

2. As part of this settlement, and in return for the money and other consideration being provided me by Clark Oil, I agree that I am fully and finally releasing and discharging Clark Oil from any and all claims that I have or may have against it based on or as a result of any acts or omissions first occurring on or before the day on which I sign this Agreement. I understand that I am giving up and will not be able to sue or assert claims against the "Released Parties" as defined herein for any of the claims I am releasing. My attorney and I shall agree to the entry of an Order dismissing, with prejudice, the lawsuit referenced above.

3. I further agree and affirm that I have been compensated for all wages owed, including any alleged overtime pay.

4. I further understand and agree as follows:

a. That my waiver and release forever gives up any and all claims I might have for back pay, front pay, overtime pay, severance pay, vacation pay, sick pay, benefits, damages (including compensatory, liquidated and punitive damages), reinstatement, injunctive relief, costs, attorney's fees, and any other relief, legal or equitable, to which I might be entitled;

b. That my waiver and release binds not only me but also my heirs and personal representatives;

c. That my waiver and release applies not only to acts or omissions first occurring before the day of my signing of this Agreement, but also to the continuing effects or future results of any such acts or omissions;

d. That I am waiving and releasing all claims, not only against Clark Oil, and its parent corporations, subsidiaries, affiliated companies, related companies, agents, representatives, employees



Initial: ___

and insurers, but also against their (1) present or former officers, directors, agents, employees, attorneys, and insurers, (2) Saundra Brown and Michael Saxer, (3) any person or entity which might be liable for the acts or omissions of any of the parties I am releasing, and (4) the successors and assigns of all released parties; (collectively referred to in this Agreement as "the Released Parties");

e. That my waiver and release includes not only claims that I know about or should know about, but also claims that are unknown to me at the present time or that are based on acts or omissions that are unknown to me at the present time, and I understand and agree that I am giving up any such claims even if I do not find out about them until later;

f. That my waiver and release applies not only to any charges, claims, complaints, suits, or actions that I might file, but also to any charges, claims, complaints, suits, or actions that anyone else (including any government or governmental agency) might file on my behalf, except to the extent such release is forbidden by law; and

g. That my waiver and release gives up not only any claims that I might have, but also any claims that anyone else might have on my behalf.

5. As part of this settlement, I also agree that I have not filed, and will not file, any charges, claims, complaints, lawsuits, or actions against any of the Released Parties as defined herein based on or as a result of any of the matters I am releasing in this Agreement. I further agree that if any charges or claims of any nature are filed against the Released Parties on my behalf, I have waived and will not accept any money paid as a result of the filing of such charges or claims. The parties understand that this provision does not limit certain statutorily unwaivable rights, including the right to file a charge, testify, assist, or participate in any manner in an investigation, hearing, or proceeding under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., or the Equal Pay Act (EPA), 29 U.S.C. § 206(d), the National Labor Relations Act, 29 U.S.C. § 158, and related laws containing such non-waivable civil rights. I further represent that I know of no wrongdoing by Releasees or of any claims which I may have against Releasees other than those asserted in my lawsuit styled Zachary Pettway v. Clark Oil, Inc., Saundra Brown and Mike Saxer; Civil Action No. 1:16-CV-120-HSA-JCG, on the docket of the United States District Court for the Southern District of Mississippi, Southern Division.

Initial: 

6. I understand and agree that as part of this settlement I will not be reinstated or re-employed by Clark Oil or any of the other Released Parties as defined herein. I further understand and agree that I am waiving any right to future employment or re-employment with Clark Oil or any of the other Released Parties as defined herein, and I promise and agree not to seek or apply for employment with Clark Oil or the other Released Parties as defined herein in the future, and affirmatively state that I have no desire to be employed by Clark Oil in the future.

7. While I understand that my waiver and release gives up any and all possible claims that I have or might have (whether I know about them or not), I understand and acknowledge that it specifically gives up all of the following:

> a. Any and all claims which were made or which could have been made in my lawsuit styled *Zachary Pettway v. Clark Oil, Inc., et al.*; Civil Action No. 1:16-CV-120-HSO-JCG, on the docket of the United States District Court for the Southern District of Mississippi, Southern Division and in any arbitration;
>
> b. All matters relating in any way to my employment with and separation of employment from Clark Oil;
>
> c. All matters relating in any way to the employment and business practices of Clark Oil and any of the other Released Parties;
>
> d. Any claims under state or federal law for attorneys' fees, costs, violations of the Americans with Disabilities Act, the Family and Medical Leave Act, conversion, retaliatory discharge, race, sex, and age discrimination, breach of employment contract, overtime pay, harassment (sexual, racial or otherwise), wrongful discharge, constructive discharge, retaliation, fraud, misrepresentation, defamation, violation of public policy, negligent and/or intentional infliction of emotional distress, invasion of privacy, interference with contract rights or opportunities, negligence, negligent and/or wanton supervision, tortious interference with prospective business advantage, malicious interference with contractual employment relationship, negligent hiring and/or retention of agents, equal protection and substantive due process, unreasonable seizure, assault and battery, and any other claims of breach of contract or tort; and
>
> e. Any alleged violations of any of the following (except to the extent such rights are statutorily or consitutional nonwaivable):
>
>> (1) Title VII of the Civil Rights Act of 1964;
>>
>> (2) The Civil Rights Act of 1991;

Initial: 

   (3)   The Employee Retirement Income Security Act of 1974;

   (4)   The Rehabilitation Act of 1973;

   (5)   The National Labor Relations Act;

   (6)   The Americans with Disabilities Act;

   (7)   The Family and Medical Leave Act of 1993;

   (8)   The Age Discrimination in Employment Act;

   (9)   The Vietnam Era Veterans Readjustment Assistance Act of 1974;

   (10)  The Veterans Reemployment Rights Act, 38 U.S.C. §§ 2021-2026;

   (11)  The Occupational Safety and Health Act of 1970;

   (12)  The Equal Pay Act of 1963;

   (13)  Executive Order 11246;

   (14)  42 U.S.C. §§ 1981, 1982, 1983, 1985, 1987, and 1988;

   (15)  The Fair Labor Standards Act; and

   (16)  Any other state or federal statute, executive order, regulation, ordinance, or provision of the United States Constitution or the Mississippi Constitution regulating or applying to employment or equal employment opportunity.

8. I represent and warrant that no person or entity other than myself is entitled to assert any claim based on any of the matters herein released.

9. I represent and warrant that there are no liens on the settlement funds of any nature, including liens in favor of Medicare, Medicaid, or any other government agency.

Initial: 

**Denial of Liability:**

        10.     I understand and agree that none of the Released Parties have admitted any liability or wrongdoing, that they have in fact denied any liability or wrongdoing, and that this settlement is not an admission by them of any liability or wrongdoing. Rather, I understand and agree that this settlement is a compromise and settlement of disputed claims, and that this settlement is done to avoid further disputes or controversies about any of the matters covered by this Agreement.

**Confidentiality:**

        11.     I understand and agree that the terms of this Agreement and the amount of payments hereunder are strictly confidential; that, aside from discussing this Agreement with my spouse, attorneys and/or tax preparers, I will not reveal them to anyone except as may be required by law; and that I will advise my spouse, attorneys and tax preparers of their obligation to keep confidential any information provided regarding this settlement. I further understand and agree that I will be liable to the Released Parties for any disclosures of confidential information by my spouse, attorneys and tax preparers. I understand the Released Parties would not agree to this settlement but for these promises of confidentiality.

**Liquidated Damages:**

        12.     I agree that if I breach the confidentiality provision contained in Paragraph 11 of this Agreement, then Clark Oil will be entitled to recover damages, including without limitation **REDACTED** as liquidated damages. In addition, whichever party prevails in an action to enforce the confidentiality provision is entitled to its reasonable attorney's fees.

**Enforcement and Choice of Law:**

        13.     I understand and agree that this Agreement and each of its provisions is governed by the law of the state of Mississippi, and enforceable in the United States District Court for the Southern District of Mississippi, Southern Division, only, and that litigation regarding this Agreement and each of its provisions is expressly prohibited in any forum other than the United States District Court for the Southern District of Mississippi, Southern Division.

**Exceptions:**

        14.     Should any provision of this Agreement be held void, unenforceable, or otherwise invalid, that provision shall be deemed severed from this Agreement, and the remaining provisions shall continue in full force and effect.

Initial: 

**Knowing and Voluntary Release:**

15.     To procure payment of this sum in settlement, I acknowledge that I am more than eighteen (18) years of age; that my mental and physical condition is sufficient that I know and understand the significance of this SETTLEMENT AGREEMENT and FULL AND FINAL GENERAL RELEASE ("AGREEMENT") and of my actions; that the only consideration for my signing of this AGREEMENT are the terms stated above; that no other promise or agreement of any kind has been made to or with me by any persons or entities whatsoever to cause me to agree to and sign this AGREEMENT; I understand that I have the right to consult an attorney of my choice regarding this AGREEMENT; I acknowledge that its terms and meaning have been explained to me by my attorney; that I have carefully read and fully understand and agree to the meaning and intent of this AGREEMENT, including its final and binding effect, and that I know and understand its contents and sign it of my own free will without duress, coercion, or undue influence.

**Signature:**

This document consists of a total of eight (8) pages and may be executed in multiple originals, each having equal effect as an original.

_____
ZACHARY PETTWAY

February 9, 2017
DATE

*Approved as to Form and Content, But Not Bound As a Party*

_____
Joel F. Dillard
ATTORNEY FOR ZACHARY PETTWAY

STATE OF MISSISSIPPI

COUNTY OF Harrison

On this 9th day of Feb, 2017, before me personally appeared **Zachary Pettway**, known by me to be the person who executed the foregoing SETTLEMENT AGREEMENT and FULL AND FINAL GENERAL RELEASE, and who acknowledged that he executed the same voluntarily of his own free will, with full knowledge and understanding of the contents thereof, and for the sole consideration therein expressed.

_____
NOTARY PUBLIC
State of MS
County of Harrison
My Commission Expires: Aug 24, 2018

[Notary seal: STATE OF MISSISSIPPI, Sherrie Lynne Adams, ID No 109949, Comm Expires August 24, 2018, JACKSON COUNTY NOTARY PUBLIC]

Initial: ___

_____

JON FRANK CLARK

Title: Director and President of Clark Oil Company, Inc.

Date: _____

STATE OF MISSISSIPPI

COUNTY OF _____

    On this ____ day of _____, 2017, before me personally appeared **Jon Frank Clark**, Director and President of Clark Oil Company, Inc., known by me to be the person who executed the foregoing SETTLEMENT AGREEMENT and FULL AND FINAL GENERAL RELEASE, and who acknowledged that he executed the same on behalf of Clark Oil Company, Inc., with full authority to do so and with full knowledge and understanding of the contents thereof..

                                        _____
                                        NOTARY PUBLIC
                                        State of _____
                                        County of _____
                                        My Commission Expires: _____

Initial: ____